IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL B. EVANS <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) No. 1:06-cv-01713 JDB <br> ) <br> ) <br> ) <br> ) |

**R E P L Y**

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages allegedly caused by the Internal Revenue Service (the "Service") disclosing confidential return information.

STATEMENT

On December 18, 2006, the United States filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On February 8, 2007, Plaintiff filed a response to the United States' motion to dismiss.

In his response, Plaintiff alleges that the United States is attempting to treat Plaintiff's complaint, "as though it is a collection action" and that the United States is using 26 U.S.C. § 7433 as though it repeals 26 U.S.C. § 7431. Plaintiff also contends that the United States is inappropriately citing <u>William E. Schrambling Accountancy Corp. v. United States</u>, 937 F.2d 1485 (9th Cir. 1991). Additionally, Plaintiff states that neither section 7431 or section 7433 address the legitimacy or validity of the underlying collection activity.

2235733.1

ARGUMENT

Section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions. Disclosures of return information allegedly made in the course of collection actions, e.g., the filing of notices of federal tax lien, are subsumed within this exclusive remedy. In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case. Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000). This Court recently concurred in the holding in Shwarz and dismissed a complaint nearly identical to that of Plaintiff's. Koerner, et al. v. United States, 2007 WL 159716, at *3 (D.D.C. 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431."). Contrary to Plaintiff's contention, the United States is not arguing that section 7433 repealed section 7431, rather it is arguing that section 7433 is Plaintiff's exclusive remedy.

The United States disagrees with Plaintiff's contention that it is inappropriately citing William E. Schrambling Accountancy Corp. v. United States, 937 F.2d 1485 (9th Cir. 1991). Section 7431 and section 7433 provide civil damages when there is a negligent or willful violation of section 6103. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. In Schrambling one of the issues before the court was whether information included in

notices of federal tax lien was confidential within the meaning of 26 U.S.C. § 6103 or if upon filing the federal tax lien with the county recorder, the information it contained was no longer confidential and could be disclosed again without regard to section 6103. Id. at 1486, 1489.

The issue in the instant matter is obviously not identical to those faced by the Ninth Circuit in Schrambling. However, the Ninth Circuit held that the recording of a federal tax lien in the county recorder's office places information in the federal tax liens in the public domain and stated that the disclosure of information by recording the federal tax lien was provided for statutorily. Id. at 1488, 1490.

The United States agrees with Plaintiff that neither section 7433 or section 7431 address the underlying assessments and the validity of the lien.

## CONCLUSION

For the above stated reasons, the United States' motion to dismiss should be granted.

DATE: February 13, 2007

                                                Respectfully submitted,

                                                 /s/ Nicole M. Stoduto
                                                NICOLE M. STODUTO
                                                Trial Attorney, Tax Division
                                                U.S. Department of Justice
                                                Post Office Box 227
                                                Washington, D.C. 20044
                                                Telephone: (202) 616-9785
                                                Facsimile: (202) 514-6966
                                                Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAUL B. EVANS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:06-cv-01713 JDB |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY was caused to be served upon Plaintiff *pro se* on the 13th day of February, 2007, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

Paul B. Evans
Box 625
Coulee City, Washington  99115


　　　　　　　　　　　　　　　　　　　　 /s/ Nicole M. Stoduto
　　　　　　　　　　　　　　　　　　　　NICOLE M. STODUTO

2236158.1